IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Philip J. Dawson, <br><br> Plaintiff, <br><br> v. <br><br> County of McHenry, *et al.* <br><br> Defendants. | Case No.: 24-cv-50124 <br><br> Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiff Philip J. Dawson brings this First Amended Complaint, alleging excessive force claims against the City of Woodstock and one of its officers (the "Woodstock Defendants").[1] The Woodstock Defendants moved to dismiss the Complaint under F.R.C.P. Rule 12(b)(5), arguing that Dawson didn't properly serve them. For the reasons below, the Court denies Woodstock's Motion.

The Federal Rules give defendants a menu of options to defend against unmeritorious or improper claims. *See, e.g.*, Fed .R. Civ. P. 12(b). But just because it's there, doesn't mean a defendant needs to indulge in it. "A zealous defense does not necessarily require invocation of every potential procedural bar." *Blazek v. U.S. Cellular Corp.*, No. 11-cv-4056, 2011 U.S. Dist. LEXIS 157177, *24. That's

---

[1] Dawson initially brought this suit against the County of McHenry and one of its officers as well as the Woodstock Defendants. He later voluntarily dismissed the County defendants. Dkt. 36. So, only the City of Woodstock and its officer, Nicholas Bernardi, remain. For this Motion's purposes, the Court refers collectively to the City of Woodstock and Bernardi as "Woodstock."

1

particularly true (and more cost-effective) when a factfinder could expeditiously determine the merits. *Id.* "After all, inexpensive resolution on the merits, not procedural gamesmanship, is supposed to be the point of the rules of civil procedure." *Id.* (citing Fed. R. Civ. P. 1). The Court just throws that out there, should anyone find it relevant.

***

**Background**

Dawson brought his initial complaint on March 27, 2024. Dkt. 1. He obtained a service waiver from McHenry County on July 26, 2024. Dkt. 5. On September 20, 2024, Judge Schneider ordered Dawson to file a report regarding the status of service on the Woodstock Defendants. Dkt. 15. A week later, Dawson responded, saying the Woodstock Defendants "were sent a customary waiver of summons," and "[d]espite reaching out to counsel for the City of Woodstock, there has been no response on our waiver of summons." Dkt. 16. In that report, Dawson also sought the Marshals Service's assistance in effectuating service. Dkt. 16. On October 3, 2024, Judge Schneider instructed Dawson to "make further efforts to serve" the Woodstock Defendants. Dkt. 17.

Meantime, the County defendants had filed a Rule 12(b)(6) motion to dismiss, arguing that Dawson alleged insufficient facts against the County specifically. Dkt. 9. The Court granted that motion on November 13, 2024. Dkt. 19. It allowed Dawson to file an amended complaint. *Id.*

Dawson filed this Complaint on December 13, 2024. Dkt. 20. The Woodstock Defendants were properly served on January 15, 2025. Dkt. 24; dkt. 33. The Woodstock Defendants brought this Motion to dismiss for improper service on February 19, 2025. Dkt. 33.

**Analysis**

The Federal Rules require a plaintiff to properly serve a defendant within a set timeframe. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Notably, "filing an amended complaint does not restart the clock for serving defendants who are added to an amended complaint after having been dismissed from a prior one." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858–59 (7th Cir. 2018). Dawson initially filed a complaint on March 27, 2024. So, Rule 4(m) gave him until June 25, 2024 to serve Defendants. Dawson, however, didn't properly serve Defendants until January 15, 2025, well past Rule 4(m)'s presumptive deadline.

But 4(m) makes clear that a court "*must*" extend time if the plaintiff shows "good cause." 4(m) (emphasis added). In his Response, Dawson attached a UPS receipt, claiming it proves he "mailed summons and a copy of the complaint to Woodstock's Corporate Counsel." Dkt. 38 at 2; Ex. 1. That's not particularly strong evidence of "good cause," but under the circumstances—involving a then-incarcerated plaintiff, *see* dkt. 3, and two overlapping county/city defendants—it scrapes by.

Consequently, the Court *must* allow time for proper service, which has already been effectuated.

Regardless, Rule 4(m) "also permits the district court to extend the time even absent good cause." *Lovell*, 888 F.3d at 858 (citing *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir. 2002)). The *Lovell* court stressed Rule 4(m)'s Advisory Committee note, explaining that the Rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The "overwhelming majority of federal courts and dicta from the Supreme Court" embrace that view. 4B Wright & Miller, Federal Practice & Procedure § 1137 (4th ed.).

Exercising that discretion, the Court won't dismiss the Complaint for improper service. Defendants have since been served, so a nonprejudicial dismissal will merely waste time and resources. What's more, the Court suspects, based on the relationships between the County, City and their officers that the City Defendants had some notice of this suit, even absent proper service. So, the Court denies the City's Motion.

**Conclusion**

For the above reasons, the Court denies the City's Motion [33].

Entered: April 9, 2025          By:_____

                                Iain D. Johnston
                                U.S. District Judge

4